578 S.E.2d 722

**In the Matter of Fletcher C. MANN, Jr., Respondent.**

No. 25609.

Supreme Court of South Carolina.

Submitted Feb. 25, 2003.

Decided March 24, 2003.

472

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Oscar W. Bannister, of Greenville, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand. We accept the agreement and publicly reprimand respondent.

### *Facts*

### I. Failure to Comply With Order of Destruction

Respondent, in his role as Clerk of Court for Greenville County, was ordered to destroy, or witness the destruction of, certain weapons submitted as criminal exhibits in general sessions court. Respondent delegated responsibility for destruction of the firearms to certain individuals, including a Deputy Sheriff, who ultimately kept certain firearms for themselves. Respondent did not witness the destruction of the weapons, did not comply with the court order, did not seek

clarification of the order for three years, and did not prevent the personnel to whom he delegated destruction of the weapons from taking the weapons for their own personal use.

Respondent was held in criminal contempt for failing to comply with the order of destruction. This Court reversed the Circuit Court's order holding respondent in contempt, but stated the following in its opinion:

> Mann's conduct in delaying any attempt to comply with or seek clarification of the Order for three years was irresponsible. Mann's failure to assure that his staff did not violate the statutes by taking the weapons for their own purposes clearly demonstrates that Mann was not faithful to his statutory responsibilities.

*County of Greenville v. Mann,* 347 S.C. 427, 436, 556 S.E.2d 383, 388 (2001).

## II.  Electronic Surveillance of a Circuit Court Judge

Respondent directed an employee to connect a video recorder to the main video security system for the Greenville County Courthouse and videotaped a Circuit Court Judge without the knowledge and permission of the Judge. Respondent also directed a member of his staff to take a video camera off the premises of the courthouse and videotape the same Circuit Court Judge. This videotaping, which occurred on one occasion, was also done without the knowledge and permission of the Judge.

## III.  Racial Slur

In a private discussion with members of his staff concerning instructions or directives from a Circuit Court Judge, respondent stated, in effect, that if he tried to second guess a judge he would be perceived as though he were "an uppity nigger on an old south plantation." Respondent apologized to a staff member who was offended by the remark and later issued a public apology.

### *Law*

Respondent's conduct constitutes violations of the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a)(it is professional misconduct for a lawyer

to violate or attempt to violate the Rules of Professional Conduct); Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(6)(it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state); and Rule 7(a)(7)(it shall be a ground for discipline for a lawyer to willfully violate a valid court order issued by a court of this state).

### Conclusion

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.